UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:16-CV-00091-GNS

JEFFERY ALLEN WEBB                                                                    PLAINTIFF

v.

JACKIE STRODE, Jailer;
SOUTH HEALTH PARTNERS; and
WARREN COUNTY, KENTUCKY                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment (DN 25), and Defendants' Motions for Summary Judgment (DN 26, 27). The motions are ripe for adjudication. For the reasons outlined below, Defendants' motions are **GRANTED**, and Plaintiff's motion is **DENIED**.

### I. STATEMENT OF FACTS AND CLAIMS

This lawsuit arises from claims by Plaintiff Jeffery Allen Webb ("Webb") during his incarceration at the Warren County Regional Jail ("WCRJ"). In the *pro se* Complaint, Webb asserts violations of his Eighth Amendment rights pursuant to 42 U.S.C. § 1983 against Warren County Jailer Jackie Strode ("Strode") and Southern Health Partners (SHP) "Administrator/MTA" Jamie Pruitt ("Pruitt"). (Compl. 2, DN 1).

Webb alleges that Defendants denied him medical treatment for "serious chronic and progressive back pain arising from spinal fractures dating back to 2004." (Compl. 4). He claims that two months prior to his incarceration at WCRJ, "[he] was afforded 30 days of Mobic, a non-steroidal pain medication, by Trent the Nurse Practitioner. This worked well but [he] [was] told

1

by staff that Southern Health Partners [] doesn't treat chronic pain." (Compl. 5). Webb asserts that he was given ibuprofen for "2-5 day periods sporadically" and was told for months that he was on the list to see the SHP doctor "but they had no idea when he will come." (Compl. 5).

After performing an initial review of this case, the Court allowed his Eighth Amendment claims to proceed. Following discovery, the parties have moved for summary judgment, which are ripe for decision.

## II.     JURISDICTION

This Court has subject-matter jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III.    STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. *See* Fed. R. Civ. P. 56(a). The moving party bears the initial burden stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual issue exists by "citing to particular parts of the materials in

the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

### IV.     DISCUSSION

#### A.    Defendants' Motions for Summary Judgment

Defendants move for summary judgment on the bases, *inter alia*, that Webb has failed to prove deliberate indifference or any detrimental effects arising from any alleged delay in treatment. (Def.'s Mem. Supp. Summ. J. 5-7, DN 26-1; Defs.' Mot. Summ. J. 5, DN 27). Defendants also seek summary judgment because Plaintiff has not provided discovery. (Def.'s Mem. Supp. Summ. J. 4-5; Defs.' Mot. Summ. J. 5).

The Eighth Amendment prohibits cruel and unusual punishment. *See Carlyle v. Aubrey*, 189 F. Supp. 2d 660, 663 (W.D. Ky. 2001). As this Court has explained:

> In order for a charge of inadequate medical care to rise to the level of an Eighth Amendment claim, [a plaintiff] must be able to show that the [d]efendants treated his medical needs with deliberate indifference. This standard requires a showing of the "unnecessary and wanton infliction of pain . . . ." However, there is no violation of the Eighth Amendment unless the defendant is "knows of and disregards an excessive risk to inmate health or safety."

*Id.* (internal citations omitted) (citation omitted).

An Eighth Amendment claim consists of both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Flanory v. Bonn*, 604 F.3d 249, 253 (6th Cir. 2010). The objective component requires that the medical need be sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). This component is contextually driven and is responsive to "contemporary standards of decency." *Hudson*, 503 U.S. at 8 (internal quotation

3

marks omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).  The subjective component requires that the official's conduct be deliberately indifferent to Plaintiff's needs.  *See Farmer*, 511 U.S. at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991); *Hudson*, 503 U.S. at 5; *Estelle*, 429 U.S. at 106); *Hunt*, 974 F.2d at 735 (citations omitted).  Deliberate indifference is a "state of mind more blameworthy than negligence."  *Farmer*, 511 U.S. at 835 (citation omitted).

Not every claim of inadequate medical treatment, however, states an Eighth Amendment violation.  *See Estelle*, 429 U.S. at 105.  Neither negligent medical care nor delay in medical care constitutes a constitutional violation without deliberate indifference resulting in substantial harm.  *See Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993); *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) ("Accidents, mistakes, negligence and medical malpractice are not constitutional violations merely because the victim is a prisoner."  (citing *Estelle*, 429 U.S. at 106)).  Furthermore, a difference of opinion between the inmate and a prison medical official concerning diagnosis or treatment does not constitute a constitutional violation. *See Estelle*, 429 U.S. at 107 ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("At most, Sanchez has raised a difference of medical opinion regarding his treatment. A difference of opinion does not amount to a deliberate indifference to Sanchez' serious medical needs." (citation omitted)).

1.  *Objective Requirement*

First, the Court must determine whether Webb's medical condition was sufficiently serious to give rise to an Eighth Amendment violation. In his response to Defendants' motions,[1] Webb has attached 47 pages of documents relating to his medical care. According to Webb, the documents reflect his medical history, his requests for treatment while incarcerated at the WCRJ, and the failure to provide adequate medical care when he returned to the facility following treatment at a hospital.[2] (Pl.'s Resp. Defs.' Mots. Summ. J. 2, DN 33). Based on the Court's review, the documents reflect Webb had a history of neck pain, including numbness and tingling in both hands, prior to his incarceration. (Pl.'s Resp. Defs.' Mots. Summ. J. Attach. 1, at 4). In 2014, Plaintiff had an MRI, which reflected disc protrusions in the cervical spine at the C5-C6 and C6-C7 spinal segments, and in the thoracic spine at the T2-T3 and T3-4 spinal segments. (Pl.'s Resp. Defs.' Mots. Summ. J. Attach. 1, at 2-3). Between June 14, 2015, and June 29, 2016, Webb completed thirteen inmate medical request forms containing various complaints, including shoulder and arm numbness and pain, as well as back pain. (Pl.'s Resp. Defs.' Mots. Summ. J. Attach. 1, at 17, 20, 23, 24, 28, 31, 34-40). In addition to those forms, Webb has provided the forms completed by the SHP medical professionals who provided his medical care during that period. (Pl.'s Resp. Defs.' Mots. Summ. J. Attach. 1, at 18-19, 21-22, 25-26, 28-29,

---

[1] While Defendants also argue that the Court should grant summary judgment in their favor due to Webb's failure to comply with discovery orders, Plaintiff did attach various documents to his response to Defendants' motions. (Pl.'s Resp. Defs.' Mots. Summ. J. Attach. 1, DN 33-1). Because Defendants did not file a reply, it is unclear whether those documents had been provided to them, and the Court will consider the documents in ruling on the pending motions.

[2] The provided documents from Webb's hospital stay reflect that he reported persistent abdominal pain. (Pl.'s Resp. Defs.' Mots. Summ. J. Attach. 1, at 43). It is unclear that the hospitalization had any connection with history of neck and back pain, or his allegations in the Complaint that Defendants failed to provide proper care for his neck and back pain.

32-33). For the purpose of summary judgment, Webb has satisfied the first requirement of presenting evidence of his chronic back and neck pain.

### 2. *Subjective Requirement*

To defeat Defendants' motion, Webb must present evidence of deliberate indifference to his health. The record does not support such a finding.

Several of the inmate medical request forms provided by Webb have notations reflecting that he was seen by a medical professional following his requests for care. (Pl.'s Resp. Defs.' Mots. Summ. J. Attach. 1, at 17, 20, 23-24, 28, 31, 35-39). In general, the forms reflect that Plaintiff received ibuprofen or Mobic in response to his complaints of pain.

In his opposition to these motions, Webb argues that the tendered medical records show Defendants' negligence. (Pl.'s Resp. Defs.' Mots. Summ. J. 3). A claim of negligence or malpractice, however, does not equate to deliberate indifference. *See Meador v. Growse*, No. 12-CV-120-KKC, 2014 WL 970105, at *6 (E.D. Ky. Mar. 12, 2014) (citing *Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001)). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). *See also Saadeh v. Hemingway*, 37 F. App'x 194, 195 (6th Cir. 2002) (stating that in *Estelle*, "the Supreme Court held that a complaint that a prisoner's chronic back pain was treated with pain relievers rather than ordering additional diagnostic tests was a classic example of medical judgment which could not be challenged under the Eighth Amendment."). Based on the evidence in the record, Webb clearly disagrees with the treatment he received during his incarceration at the WCRJ. Mere disagreement with the medical care provided, however, is insufficient to establish an Eighth Amendment claim for

deliberate indifference to a serious medical need asserted against Defendants. *See Estelle*, 429 U.S. at 107; *Westlake*, 537 F.2d at 860 n.5. There is no evidence in the record establishing that Defendants were deliberately indifferent to Webb's medical needs or disregarded a known excessive risk to Webb's health or safety.

For these reasons, Webb has failed to present evidence to preclude the entry of summary judgment against him on his Eighth Amendment claims. Accordingly, Defendants are entitled to summary judgment on Plaintiffs' claims.

### B. Plaintiff's Motion for Summary Judgment

Webb has also moved for summary judgment. (Pl.'s Mot. Summ. J., DN 25). As discussed above, there is insufficient evidence to establish a violation of his Eighth Amendment rights, and his motion will therefore be denied.

### V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motions for Summary Judgment (DN 26, 27) are **GRANTED**, and Plaintiffs' Motion for Summary Judgment (DN 25) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**
October 12, 2017

cc: counsel of record
    Plaintiff, *pro se*